UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| TIMOTHY LOZANO,<br>Individually and on behalf<br>of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>RICHARD INDUSTRIAL GROUP, INC. and<br>RICHARD DESIGN SERVICES, INC.<br><br>*Defendants.* | Civil Action No. _____<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION<br>PURSUANT TO 29 U.S.C. § 216(b) |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff—Timothy Lozano—brings this action individually and on behalf of all current and former employees who worked for Defendants—Richard Industrial Group, Inc. and Richard Design Services, Inc. (collectively, "Defendants" or "Richard")—and were paid a straight hourly wage but no overtime at any time from three years preceding the filing of the Original Complaint (hereinafter "Plaintiff and the Putative FLSA Collective Members") through the final disposition of this matter, to recover unpaid overtime compensation, liquidated damages, attorneys' fees, and costs, pursuant the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19.

Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. §216(b). The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## I.
## OVERVIEW

1. This lawsuit is a collective action pursuant to the FLSA, 29 U.S.C. §§ 201–19, to recover overtime wages and other applicable penalties.

2. Plaintiff and the Putative FLSA Collective Members are those current and former employees who worked for Richard, anywhere in the United States, at any time from August 22, 2020, through the final disposition of this matter, and were paid a straight hourly wage for all hours worked, but did not receive overtime for all hours worked over forty (40) in each workweek.

3. Although Plaintiff and the Putative FLSA Collective Members routinely worked (and continue to work) in excess of forty (40) hours per workweek, Plaintiff and the Putative FLSA Collective Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

4. The decision by Defendants not to pay overtime compensation to Plaintiff and the Putative FLSA Collective Members was neither reasonable nor in good faith.

5. Defendants knowingly and deliberately failed to compensate Plaintiff and the Putative FLSA Collective Members overtime of at least one and one-half their regular rates of pay for all hours worked in excess of forty (40) hours per workweek.

6. Plaintiff and the Putative FLSA Collective Members therefore seek to recover all unpaid overtime and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

7. Plaintiff prays that all similarly situated employees who were paid a straight hourly wage for all hours worked, but did not receive overtime for all hours worked over forty (40) in each workweek (Putative FLSA Collective Members), be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

8. Plaintiff Timothy Lozano ("Plaintiff" or "Lozano") was employed by Richard within the relevant time period. Plaintiff Lozano did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

9. The Putative FLSA Collective Members include those current and former employees who were paid a straight hourly wage for all hours worked, but did not receive overtime for all hours worked over forty (40) in each workweek, who worked for Richard, anywhere in the United States, at any time since August 22, 2020, and have been subjected to the same illegal pay system under which Plaintiff Lozano worked and was paid.

10. Richard Industrial Group, Inc. ("RIG") is a domestic for-profit corporation licensed to and doing business in the State of Texas and may be served through its registered agent for service: **Brent D. Richard, 750 Pearl Street, Beaumont, Texas 77701.**

11. Richard Design Services, Inc. ("RDS") is a domestic for-profit corporation licensed to and doing business in the State of Texas and may be served through its registered agent for service: **Brent D. Richard, 750 Pearl Street, Beaumont, Texas 77701.**

12. Defendants are joint employers pursuant to 29 C.F.R. § 791.2. They had common ownership, oversight and control over Plaintiff and the Putative FLSA Collective Members. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA, including the overtime

---

[1] The written consent of Timothy Lozano is hereby attached as Exhibit A.

## III.
## JURISDICTION & VENUE

13. This Court has federal question jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

14. This Court has general and specific personal jurisdiction over Defendant RIG because Texas is its home state and because Plaintiff's claims arose within this District as a result of its conduct within this District and Division.

15. This Court has general and specific personal jurisdiction over Defendant RDS because Texas is its home state and because Plaintiff's claims arose within this District as a result of its conduct within this District and Division.

16. Venue is proper 28 U.S.C. § 1391(b) in the Southern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

17. Specifically, Defendants maintained a working presence throughout the State of Texas and Plaintiff Lozano worked for Defendants in Corpus Christi, Texas, all of which is located in this District and Division.

## IV.
## ADDITIONAL FACTS

18. Defendants provide an "array of full-service engineering, procurement, construction and fabrication services to the refining and petrochemical industries across the United States."[2]

19. As part of their services, Defendants employed (and continue to employ) numerous hourly employees to accommodate their customers throughout the United States.

---

[2] https://richardepc.com/about-us/.

20. Defendants paid their hourly employees—including Plaintiff Lozano and the Putative FLSA Collective Members—a straight hourly wage for all hours worked but no overtime for all hours worked over forty each week.

21. While exact job titles may differ, these employees were subjected to the same or similar illegal pay practices for similar work.

22. Plaintiff Lozano worked for Defendants, as a Pipe Designer, from approximately July 2022 through January 2023.

23. Plaintiff and the Putative FLSA Collective Members are (or were) **_non-exempt_** hourly employees employed by Defendants during the relevant time-period.

24. Importantly, none of the FLSA exemptions relieving a covered employer (such as Richard) of the statutory duty to pay its non-exempt employees overtime at one and one-half times the regular rate of pay apply to Plaintiff or the Putative FLSA Collective Members.

25. Moreover, Plaintiff and the Putative FLSA Collective Members are similarly situated with respect to their job duties, their pay structure and, as set forth below, the policies of Defendants resulting in the complained of FLSA violations.

26. Plaintiff and the Putative FLSA Collective Members were all paid a straight hourly wage for all hours worked but no overtime.

### Defendants are Joint Employers

27. Defendants are joint employers as that term is defined in 29 U.S.C. § 203(d).

28. Defendants controlled Plaintiff and the Putative FLSA Collective Members' work schedules and conditions of employment.

29. Specifically, Defendants dictated (and continue to dictate) what job duties and tasks that Plaintiff and Putative FLSA Collective Members needed to perform while employed.

30. Defendants had the power to hire and fire Plaintiff and the Putative FLSA Collective Members.

31. Defendants determined Plaintiff and the Putative FLSA Collective Members' rate and method of pay.

32. Defendants controlled Plaintiff and the Putative FLSA Collective Members' pay and acted interchangeably during Plaintiff and the Putative FLSA Collective Members' employment.

33. Defendants maintained control, oversight, and direction over Plaintiff and the Putative FLSA Collective Members during their employment, including the promulgation and enforcement of policies affecting the payment of wages for overtime compensation.

34. Defendants mutually benefitted from the work performed by Plaintiff and the Putative FLSA Collective Members.

35. Defendants did not act entirely independently of each other and have not been completely disassociated with respect to the work of Plaintiff and the Putative FLSA Collective Members

36. Defendants shared the services of Plaintiff and the Putative FLSA Collective Members.

37. Defendants acted directly or indirectly in the interest of each other in relation to Plaintiff and the Putative FLSA Collective Members.

38. Defendants maintained Plaintiff and the Putative FLSA Collective Members' employment records.

39. As a result, Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

### Failure to Pay Overtime

40. Plaintiff Lozano typically worked forty-five (45) to fifty (50) hours each week during his employment with Defendants.

41. However, Plaintiff Lozano was paid straight time rate for all hours worked, including hours worked over forty (40) in a workweek.

42. The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay for all hours worked over forty (40) each week.

43. Plaintiff and the Putative FLSA Collective Members regularly worked in excess of forty (40) hours per week but never received any overtime compensation.

44. Accordingly, Defendants' pay policies and practices willfully violated (and continue to violate) the FLSA.

## V.
## CAUSE OF ACTION

**A.    FLSA COVERAGE**

45. All previous paragraphs are incorporated as though fully set forth herein.

46. The FLSA Collective is defined as:

**ALL CURRENT AND FORMER EMPLOYEES WHO WORKED FOR RICHARD INDUSTRIAL GROUP, INC. AND/OR RICHARD DESIGN SERVICES, INC., ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM AUGUST 22, 2020, THROUGH THE FINAL DISPOSITION OF THIS MATTER, AND WERE PAID A STRAIGHT HOURLY WAGE AND NO OVERTIME. ("FLSA Collective" or "FLSA Collective Members").**

47. At all times hereinafter mentioned, Defendants have been joint employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

48. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

49. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

50. During the respective periods of Plaintiff and the FLSA Collective Members' employment by Defendants, these individuals provided services for Defendants that involved interstate commerce for purposes of the FLSA.

51. In performing the operations described hereinabove, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

52. Specifically, Plaintiff and the FLSA Collective Members are (or were) **_non-exempt_** employees who worked for Defendants and who assisted customers throughout the United States. 29 U.S.C. § 203(j).

53. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

54. In violating the FLSA, Defendants acted willfully, without a good faith basis and with reckless disregard of applicable federal law.

55. The proposed FLSA collective of similarly situated employees, i.e. putative FLSA collective members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 46.

56. The precise size and identity of the proposed FLSA collective should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendants.

**B.    FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FLSA**

57. All previous paragraphs are incorporated as though fully set forth herein.

58. Defendants violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for hours worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates.

59. Plaintiff and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of Defendants' acts or omissions as described herein; though Defendants are in possession and control of necessary documents and information from which Plaintiff and the FLSA Collective Members would be able to precisely calculate damages.

60. Moreover, Defendants knowingly, willfully and in reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees overtime compensation. 29 U.S.C. § 255(a).

61. Defendants knew or should have known their pay practices were in violation of the FLSA.

62. Defendants are sophisticated parties and employers, and therefore knew (or should have known) its policies were in violation of the FLSA.

63. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted Defendants to pay overtime in accordance with the law.

64. The decision and practice by Defendants to not pay overtime was neither reasonable nor in good faith.

65. Accordingly, Plaintiff and the Putative FLSA Collective Members are entitled to overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

C. **COLLECTIVE ACTION ALLEGATIONS**

66. All previous paragraphs are incorporated as though fully set forth herein.

67. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all those who are (or were) similarly situated to Plaintiff.

68. Other similarly situated employees have been victimized by Defendants' patterns, practices, and policies, which are in willful violation of the FLSA.

69. The FLSA Collective Members are defined in Paragraph 46.

70. Defendants' failure to pay Plaintiff and the FLSA Collective Members overtime compensation at the rates required from the FLSA, results from generally applicable policies and practices of Defendants and does not depend on the personal circumstances of Plaintiff or the individual FLSA Collective Members.

71. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

72. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

73. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

74. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

75. Defendants have employed a substantial number of similarly situated employees across the United States since August 22, 2020.

76. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Defendants will retain the proceeds of their violations.

77. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

78. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 46 and notice should be promptly sent.

## VI.
## RELIEF SOUGHT

79. Plaintiff Lozano respectfully prays for judgment against Defendants as follows:

   a. For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA, certifying the FLSA Collective as defined in Paragraph 46 and requiring Defendants, to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all potential collective action members;

   b. For an Order approving the form and content of a notice to be sent to all FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

   c. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

  d. For an Order awarding the costs and expenses of this action;

  e. For an Order awarding attorneys' fees;

  f. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

  g. For an Order awarding Plaintiff Lozano a service award, as permitted by law;

  h. For an Order compelling the accounting of the books and records of Defendants at Defendants' own expense; and

  i. For an Order granting such other and further relief as may be necessary and appropriate.

Date: August 22, 2023    Respectfully submitted,

      **ANDERSON ALEXANDER, PLLC**

    By: /s/ *Clif Alexander*
      **Clif Alexander**
      Federal I.D. No. 1138436
      Texas Bar No. 24064805
      clif@a2xlaw.com
      **Austin W. Anderson**
      Federal I.D. No. 777114
      Texas Bar No. 24045189
      austin@a2xlaw.com
      **Casey L. Kellum**
      Federal I.D. No. 3846502
      Texas Bar No. 24123611
      casey@a2xlaw.com
      101 N. Shoreline Blvd., Ste. 610
      Corpus Christi, Texas 78401
      Telephone: (361) 452-1279
      Facsimile: (361) 452-1284

      *Counsel for Plaintiff and the Putative FLSA Collective Members*

# EXHIBIT A

**CONSENT TO JOIN WAGE CLAIM**

Print Name: __Tim lozano_____

1. I hereby consent to participate in a collective action lawsuit against **RICHARD INDUSTRIAL GROUP (AND ALL OF ITS SUBSIDIARIES)** to pursue my claims of unpaid overtime during the time that I worked with the company.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act, and consent to be bound by the Court's decision.

3. I designate the law firm and attorneys at ANDERSON ALEXANDER, PLLC as my attorneys to prosecute my wage claims.

4. I intend to pursue my claim individually, unless and until the Court certifies this case as a collective action. I agree to serve as the Class Representative if the Court so approves. If someone else serves as the Class Representative, then I designate the Class Representative(s) as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting the litigation, the entering of an agreement with the Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

5. I authorize the law firm and attorneys at ANDERSON ALEXANDER, PLLC to use this consent to file my claim in a separate lawsuit, class/collective action, or arbitration against the company.

Signature: __Tim lozano_____ (Tim lozano (Aug 16, 2023 15:16 CDT))   Date: __08/16/2023_____